IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12-cv-828 |
| | ) (JCC-IDD) |
| CAPITAL ONE, N.A. and | ) |
| | ) |
| CAPITAL ONE BANK (USA), N.A., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF
MOTION TO AMEND CONSENT ORDER**

Defendants Capital One, N.A. and Capital One Bank (USA), N.A. (collectively "Capital One") state as follows in support of their Motion to Amend the Consent Order between the United States and Capital One entered by the Court on July 27, 2012 (the "Consent Order"). [Dkt. No. 2]:

**BACKGROUND**

On July 26, 2012, Plaintiff filed a complaint alleging that Capital One violated the Servicemembers Civil Relief Act ("SCRA") from at least July 15, 2006 to November 21, 2011. [Dkt. No. 1.] The parties entered into the Consent Order resolving these allegations. [Dkt. No. 2.] As part of the Consent Order, Capital One agreed to remediate borrowers where Capital One foreclosed on their homes, repossessed their motor vehicles, or obtained default judgments in violation of the SCRA, or failed to provide a 6% interest rate on their eligible loans, as required under the SCRA. [*Id.*] In many cases, the Consent Order requires that a borrower execute a release before receiving payment. [*Id.* ¶¶ 28, 33, 38-39; 45-47.]

Capital One also entered into consent orders with the United States of America, Department of the Treasury, Comptroller of the Currency (the "OCC Consent Orders"), which address the same subject matter as the Consent Order, also require payments to eligible borrowers, but do not provide for signed releases as a condition of payment. *Capital One, N.A.*, AA-EC-2012-100 (July 25, 2012); *Capital One Bank (USA), N.A.*, AA-EE-2012-101 (July 25, 2012).

The inconsistency in these consent orders – the Consent Order requiring releases and the OCC Consent Orders not allowing for releases – has the potential to confuse borrowers. To eliminate the potential for confusion, Capital One proposes that the Consent Order be amended to eliminate all release requirements. Capital One also proposes amending Exhibits C-1 and C-2 to the Consent Order to reflect the elimination of the release requirement and that payments made to borrowers will satisfy Capital One's obligations under all three consent orders. The United States agrees with Capital One's proposal and consents to its Motion. Accordingly, Capital One moves the Court to grant its Motion and enter the signed Amended Consent Order attached as Exhibit A.

## ARGUMENT

**I. This Court Has Jurisdiction To Enter the Amended Consent Order.**

Paragraph 75 of the Consent Order provides that this Court "shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time this case shall be dismissed with prejudice." Capital One's performance under the Consent Order is ongoing. Dkt. No. 2 ¶¶ 68, 75 (providing that the Consent Order terminates three (3) months after Capital One submits the seventh bi-annual report from the date of entry of the Consent Order, provided

that it has fulfilled its other obligations under the Consent Order). Accordingly, this Court has jurisdiction to grant Capital One's Motion to Amend the Consent Order.

**II.     The Proposed Modifications Benefit Borrowers.**

The proposed changes to the Consent Order will benefit borrowers entitled to payments under its terms. The conflict between the terms of the Consent Order, which in some instances requires a release for payment, and the terms of the OCC Consent Orders, which does not allow a release as a condition of payment, could confuse or mislead borrowers. This is because, in some instances, a borrower who does not execute a release as required by the Consent Order could nonetheless receive a payment under the OCC Consent Orders. In these instances, to prevent any potential confusion that signing the release is a requirement for an SCRA-related payment, Capital One proposes, and the United States consents, to eliminate the release requirement from the Consent Order.

## **CONCLUSION**

For the reasons set forth above, Defendants Capital One, N.A. and Capital One Bank (USA), N.A., respectfully request that this Court enter the signed Amended Consent Order attached thereto as Exhibit A.

Date:   December 19, 2012

Respectfully submitted,

/s/_____
BRYAN A. FRATKIN

RICHARD CULLEN
J. WILLIAM BOLAND
BRYAN A. FRATKIN (VSB# 38933)
MYRA H. CHAPMAN
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel.: (804) 775-1000
Fax: (804) 775-1061
E-mail: rcullen@mcguirewoods.com
E-mail: wboland@mcguirewoods.com
E-mail: bfratkin@mcguirewoods.com
E-mail: mchapman@mcguirewoods.com
*Counsel for Defendants*
*Capital One Bank (USA), N.A.*
*and Capital One, N.A.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 19, 2012, the foregoing was served by ECF on all parties who have made an appearance in this case.

/s/
Bryan A. Fratkin (VSB# 38933)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel.: (804) 775-1000
Fax: (804) 775-1061
E-mail: bfratkin@mcguirewoods.com
*Counsel for Defendants*
*Capital One Bank (USA), N.A.*
*and Capital One, N.A.*