IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-cv-828 |
| | ) | (JCC-IDD) |
| CAPITAL ONE, N.A. and | ) | |
| | ) | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF
PROPOSED PAYMENTS TO SERVICEMEMBERS PURSUANT TO
PARAGRAPHS 48 & 44 OF THE CONSENT ORDER**

Plaintiff United States of America and Defendants Capital One, N.A. and Capital One Bank (USA), N.A. (collectively "Capital One") state as follows in support of their Joint Motion for Approval of Proposed Payments to Servicemembers Pursuant to Paragraphs 48 & 44 of the Consent Order between the United States and Capital One, which the Court entered on July 27, 2012 (the "Consent Order"). [Dkt. No. 2.]:

**BACKGROUND**

On July 26, 2012, Plaintiff filed a complaint alleging that Capital One violated the Servicemembers Civil Relief Act ("SCRA") from at least July 15, 2006 to November 21, 2011. [Dkt. No. 1.] The parties entered into the Consent Order, which resolved these allegations. [Dkt. No. 2.]

Paragraph 48 of the Consent Order requires that Capital One develop a proposal to distribute $5,000,000 to servicemembers who made written requests for benefits but may have

not received the appropriate amount of benefits under Section 527 of the SCRA and to charities identified by Capital One and approved by the United States ("Proposal I"). Capital One submitted Proposal I, which covers the time period July 15, 2006 – November 21, 2011, to the United States on December 17, 2012. Proposal I includes payments to servicemembers where an independent consultant reviewed their accounts and determined that they did not receive the appropriate amount of SCRA benefits. Proposal I also includes payments to certain servicemembers whose accounts the independent consultant did not review. The independent consultant determined that, in many cases, Capital One did not provide SCRA benefits to Reservists and National Guardsmen from the date they received notification of their military service, as the SCRA requires, and instead provided SCRA benefits to these servicemembers starting from the date they began their period of military service. Consequently, Reservists and National Guardsmen were more likely than other servicemembers to have not received the appropriate amount of SCRA benefits. Thus, Proposal I also includes payments to Reservists and National Guardsmen based on estimated shortfall amounts for these accounts. The United States approved Proposal I on December 18, 2012. Paragraph 48 requires that the parties seek the Court's approval of Proposal I within thirty (30) days of the United States' approval of the same.

     Paragraph 44 of the Consent Order requires an independent consultant to review accounts for which servicemembers made written requests for benefits under Section 527 of the SCRA between November 22, 2011 and July 27, 2012 to determine whether Capital One provided the appropriate amount of benefits to these servicemembers. Capital One submitted a proposal for remediating servicemembers identified by the independent consultant in its review as not receiving the appropriate amount of SCRA benefits and for providing an additional payment of

$25,000 to charities identified by Capital One and approved by the United States ("Proposal II") to the United States on December 6, 2012. The United States approved Proposal II on December 18, 2012. Accordingly, the parties move the Court to grant their Joint Motion for Approval of Proposed Payments to Servicemembers Pursuant to Paragraphs 48 & 44 of the Consent Order.

**PROPOSED PAYMENTS**

Under Proposal I:

1. $3,054,664 to the following servicemembers:

 a. $106,914.31 to servicemembers with accounts in the Card line of business whom an independent consultant determined did not receive the appropriate amount of benefits under Section 527 of the SCRA, with each servicemember receiving the calculated shortfall amount on his or her account plus $500 or triple the amount of the calculated shortfall, whichever is greater.

 b. $62,812.89 to servicemembers with accounts in the Consumer Lines and Loans line of business whom an independent consultant determined did not receive the appropriate amount of benefits under Section 527 of the SCRA, with each servicemember receiving the calculated shortfall amount on his or her account plus $500 or triple the amount of the calculated shortfall, whichever is greater.

 c. $31,843.32 to servicemembers with accounts in the Auto Finance line of business whom an independent consultant determined did not receive the appropriate amount of benefits under Section 527 of the SCRA, with each servicemember receiving the calculated shortfall amount on his or her account plus $500 or triple the amount of the calculated shortfall, whichever is greater.

3

    d.    $2,368,896 to Reservists and National Guardsmen with accounts in the Card line of business not reviewed by an independent consultant, with each Reservist or National Guardsman receiving $124, which represents the estimated average shortfall amount for these accounts.

    e.    $427,780 to Reservists and National Guardsmen with accounts in the Auto Finance line of business not reviewed by an independent consultant, with each Reservist or National Guardsman receiving $146, which represents the estimated average shortfall amount for these accounts.

    f.    $56,419 to Reservists and National Guardsmen with accounts in the Consumer Lines and Loans line of business not reviewed by an independent consultant, with each Reservist or National Guardsman receiving $223, which represents the estimated average shortfall amount for these accounts.

2.    $1,945,336.00 to the Army Emergency Relief, Air Force Aid Society, Navy Marine Corps Relief Society, and Coast Guard Mutual Assistance charities:

    a.    $1,469,279.89 to Army Emergency Relief, which represents a payment proportionate to the number of Reservists and National Guardsmen identified in sub-paragraphs 1(d) – 1(f) above serving in the United States Army.

    b.    $239,599.20 to Air Force Aid Society, which represents a payment proportionate to the number of Reservists and National Guardsmen identified in sub-paragraphs 1(d) – 1(f) above serving in the United States Air Force.

    c.    $225,546.20 to Navy Marine Corps Relief Society, which represents a payment proportionate to the number of Reservists identified in sub-

paragraphs 1(d) – 1(f) above serving in the United States Navy or United States Marine Corps.

      d.      $10,910.71 to Coast Guard Mutual Assistance, which represents a payment proportionate to the number of Reservists identified in sub-paragraphs 1(d) – 1(f) above serving in the United States Coast Guard.

Under Proposal II:

3.      $4,741.29 to servicemembers with accounts in the Card and Auto Finance lines of business whom an independent consultant determined did not receive the appropriate amount of benefits under Section 527 of the SCRA, with each servicemember receiving the calculated shortfall amount on his or her account plus $500 or triple the amount of the calculated shortfall, whichever is greater.

4.      $25,000 to the Army Emergency Relief, Air Force Aid Society, Navy Marine Corps Relief Society, and Coast Guard Mutual Assistance charities:

      a.      $18,882.08 to Army Emergency Relief, which represents a payment proportionate to the number of Reservists and National Guardsmen identified in sub-paragraphs 1(d) – 1(f) above serving in the United States Army.

      b.      $3,079.15 to Air Force Aid Society, which represents a payment proportionate to the number of Reservists and National Guardsmen identified in sub-paragraphs 1(d) – 1(f) above serving in the United States Air Force.

      c.      $2,898.55 to Navy Marine Corps Relief Society, which represents a payment proportionate to the number of Reservists identified in sub-paragraphs 1(d) – 1(f) above serving in the United States Navy or United States Marine Corps.

          d.        $140.22 to Coast Guard Mutual Assistance, which represents a payment proportionate to the number of Reservists identified in sub-paragraphs 1(d) – 1(f) above serving in the United States Coast Guard.

## **CONCLUSION**

For the reasons set forth above, the parties respectfully request that this Court grant its Joint Motion for Approval of Proposed Payments to Servicemembers Pursuant to Paragraphs 48 & 44 of the Consent Order.

Dated: December 19, 2012                      Respectfully submitted,

/s/_____
BRYAN A. FRATKIN

RICHARD CULLEN
J. WILLIAM BOLAND
BRYAN A. FRATKIN (VSB# 38933)
MYRA H. CHAPMAN
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel.: (804) 775-1000
Fax: (804) 775-1061
E-mail: rcullen@mcguirewoods.com
E-mail: wboland@mcguirewoods.com
E-mail: bfratkin@mcguirewoods.com
E-mail: mchapman@mcguirewoods.com
*Counsel for Defendants*
*Capital One Bank (USA), N.A.*
*and Capital One, N.A.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 19, 2012, the foregoing was served by ECF on all parties who have made an appearance in this case.

/s/
Bryan A. Fratkin (VSB# 38933)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel.: (804) 775-1000
Fax: (804) 775-1061
E-mail: bfratkin@mcguirewoods.com
*Counsel for Defendants*
*Capital One Bank (USA), N.A.*
*and Capital One, N.A.*